# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2010

No. 10-40034
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR ESCOBAR-MERCADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-896-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Julio Cesar Escobar-Mercado (Escobar) pleaded guilty to being unlawfully present in the United States following deportation. The district court imposed a within-guidelines sentence of 46 months in prison. Escobar appeals the sentence, arguing that the district court committed procedural error when it failed to sufficiently explain its reasons for rejecting his request for a downward variance or departure from the applicable sentencing range. He also contends that the sentence was substantively unreasonable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court may satisfy the requirement that a court explain its sentence if it listens to arguments and then indicates that a sentence within the guidelines range is appropriate. *Id.* at 357-59. The record shows that the district court listened to Escobar's arguments and rejected them, expressed concern about Escobar's criminal history, and stated that a sentence within the applicable guidelines range satisfied the factors of 18 U.S.C. § 3553(a). Accordingly, the district court's explanation of the sentence imposed, while brief, was legally sufficient. *See id.* at 358-59.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). We conclude there is "no reason to disturb" the presumption of reasonableness in this case. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Consequently, the judgment of the district court is AFFIRMED.